Samuel S. Koenig, for appellant.
Pollak & Deutsch, for respondent.

---

In re FARRELL.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

LIFE ESTATES (§ 3*)—INCUMBRANCES, REPAIRS, AND TAXES.

The legal status of one who is sole beneficiary and sole trustee under his wife's will devising all her estate to him in trust for life is that of a life tenant when he chooses to occupy real property belonging to the estate, even if the trust is not void, and he must personally pay all interest on incumbrances, taxes, and repairs.

[Ed. Note.—For other cases, see Life Estates, Dec. Dig. § 3.*]

Appeal from Surrogate's Court, New York County.

Proceedings for the settlement of the accounts of William J. Farrell, as executor and trustee of Leocadie L. Farrell, deceased. From a decree of the Surrogate's Court disallowing the executor's claim for payment of incumbrances, taxes, and repairs, he appeals. Affirmed.

See, also, 125 App. Div. 702, 110 N. Y. Supp. 41.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

George W. Wingate, for appellant.

Edward J. McGuire, for respondents Francisco L. Farrell and others.

James Kearney, special guardian for infant respondents Leocadie Farrell and another.

HOUGHTON, J. Leocadie L. Farrell died in 1891, leaving five children, the respondents herein, and her husband, appellant, William J. Farrell. She was possessed of certain personal property and certain real estate, and by her will, after carving out certain small bequests, she gave the remainder to her executors in trust, to "allow" to her husband the income and use of all her estate during his life, on condition that he should support and educate her children during their minority, with the remainder to such children. The husband was named sole executor and trustee of the will. One parcel of real estate of which she died seised, and where she lived at the time of her death, was known as the "Washington Heights property." The husband continued to reside there with the children of his wife by a former marriage and by himself, except such as chose to leave, until 1905, when the property was sold for $72,000, realizing a profit over what the testatrix had paid for it of over $40,000. At the time of the death

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the testatrix the property was mortgaged for $23,000, and the annual interest charges were $550, and the average taxes, assessments, and water rates about as much more. In addition to these annual charges, there were ordinary repairs made from time to time, consisting of carpenter work, plumbing, painting, and such like, which the appellant paid. On his accounting as executor and trustee in the Surrogate's Court, which was instituted by himself in 1906 and was his first accounting in any capacity, he asked to be allowed out of the corpus of the estate such amount as the aggregate of interest, taxes, assessments, and repairs exceeded the fair rental value of the property. The learned surrogate refused to allow him any sum whatever, on the ground that he was a life tenant and had occupied the property and must personally pay all interest on incumbrances and taxes and repairs.

The testatrix by her will attempted to create a trust in favor of her husband during his life by devising and bequeathing all of her personal and real property to her executors in trust to pay such income to him, and then naming him as sole executor. Other executors were named, but to act only in case of his death. The husband was therefore sole beneficiary and sole trustee. It would seem, under the authority of Greene v. Greene, 125 N. Y. 506, 26 N. E. 739, 21 Am. St. Rep. 743, Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636, Woodward v. James, 115 N. Y. 346, 22 N. E. 150, Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8, Brown v. Spohr, 180 N. Y. 210, 73 N. E. 14, and Haendle v. Stewart, 84 App. Div. 274, 82 N. Y. Supp. 823, that the attempted trust was void for this reason. If the trust was void, and if he took anything under the will, he took only a life estate, and hence he occupied only as a life tenant. But even if the trust was not absolutely void, the legal status of the husband when he chose to occupy the real property belonging to the estate was that of a life tenant. There was nothing as to the balance of the estate which required him to act as trustee. As executor he could collect the income and pay it to himself. In occupying the property which he chose to occupy, he was not in the position of a trustee holding unimproved real property with large prospective increase in value for the benefit of the remaindermen, the carrying charges of which were greater than the income. If he chose to occupy, it was his duty to pay the interest on the incumbrances and taxes and keep the property in ordinary repair, the same as any life tenant.

It follows, therefore, that the decree of the surrogate was proper and should be affirmed, with costs to all parties separately appearing and filing briefs herein payable out of the estate. All concur.