In the Matter of the Estate of LEOCADIE FARRELL, Deceased.

Surrogate's Court, New York County, October 20, 1933.

*Wingate & Cullen* [*John L. Delius* of counsel], for the trustee.

*George Lynch,* for the respondents.

*Edwin A. Tennant, Jr.,* special guardian.

FOLEY, S. The issues raised in this accounting proceeding are disposed of as follows:

(1) The objections with respect to the loss of the estate's interest in the business of William J. Farrell, the accounting trustee and the husband of the testatrix, are overruled. By her will the testatrix provided that the moneys due her from the firm of Francisco Llado & Co. might remain in that enterprise. The pertinent provision reads as follows:

" *Second.* In case my husband shall survive me, then I authorize the moneys due to me by the firm of Francisco Llado & Company to remain in their hands."

She died on March 19, 1891. Llado & Co. was at all times a partnership. It was never incorporated. Prior to her death Mr. Farrell became the successor to the business of Llado & Co. and its assets and liabilities were taken over by him as the sole owner. Thereafter he conducted the business in his own name. The interest of the testatrix in the enterprise was not a participation in profits but a simple debt due her from the enterprise. Under the will her husband was appointed the sole executor and trustee of the estate. He permitted the interest of the estate to remain in the business from 1891 until about April, 1920, when, because of insolvency, a receiver was appointed in equity. Subsequently,

bankruptcy proceedings were begun. On February 14, 1923, a discharge in bankruptcy was granted to William J. Farrell. The trustee has listed in his account in this proceeding these moneys of the estate as having been "lost in bankruptcy," and claims to be relieved of liability therefor because of his discharge in bankruptcy. This contention is overruled by me. The discharge did not constitute a bar to the right of any of the beneficiaries to claim a surcharge on the ground of fraud, negligence or other breach of trust. The objectants, the adult remaindermen of the trust, and the special guardian for certain infant remaindermen, contend that the loss of the estate's moneys was due to the negligence of the trustee in allowing them to remain in the business. They point out that during the years following the death of the testatrix and until about 1919, the business prospered and the accountant withdrew from it large sums of money for his own purposes. They assert that he should have paid the amount of the estate's interest in the business to himself as trustee with a consequent reinvestment in proper securities.

It is well established that the law imposes the duty and responsibility upon a trustee to use that degree of care, prudence and vigilance in the management of an estate as in general, prudent men of discretion and intelligence in such matters employ in their own like affairs. (*Villard* v. *Villard*, 219 N. Y. 482; *Matter of Hall*, 164 id. 196; *Matter of Cady*, 211 App. Div. 373.) This rule applies even where the will itself describes the manner of. investment or where a discretionary power or authority in the trustee to retain a specific investment is given. (*Costello* v. *Costello*, 209 N. Y. 252; *Matter of Clark*, 257 id. 132.)

However, it does not appear that prior to the date of the receivership, there was any imminent danger that a loss would result from the retention of the estate moneys in the business. During this period the business flourished and expanded, and although the trustee paid himself large sums of money in his individual capacity as owner of the enterprise, the investment of the estate seemed safe. It is claimed by the trustee that the cessation of the World War was a direct cause of the failure of his business. It is a matter of common knowledge that the change in economic conditions which occurred immediately after the World War was in many cases comparatively sudden. Whether or not the close of the war or the immediate post-war depression which followed in certain lines of business was the cause of the bankruptcy of Mr. Farrell's business, I find no negligence, fraud or lack of vigilance on the part of the trustee, in failing to save the investment for the trust. No objection to the retention of the fund

in the business was at any time made by the adult remaindermen, nor by the guardian of the infant remaindermen, upon the accounting in 1906. Upon all the facts and evidence and, in addition, because of the provision in the will authorizing the retention of the moneys in the business, I find no ground of surcharge for the loss sustained. (*Matter of Clark*, 257 N. Y. 132; *Matter of Pratt*, 143 Misc. 751.)

(2) The objections to the failure of the trustee to account for the sum of $1,310.56, representing the proceeds of the sale of certain real estate located in Spain, which came into his hands, are also overruled. This real property was owned by the deceased husband of the testatrix and was considered an asset of the firm of Llado & Co. When sold, after the death of the testatrix, the proceeds were paid into the business of the accountant. It is contended by the objectants that it was not a part of the investment of the testatrix in the business at the time of her death. However, that question has already been passed upon on a prior accounting by the trustee in 1906. The item was included in the account of the trustee at that time within the sum representing the estate's interest in the business of William J. Farrell. I hold that the decree settling the prior account, dated March 7, 1908, which was affirmed by the Appellate Division and the Court of Appeals (*Matter of Farrell*, 133 App. Div. 97; affd., 198 N. Y. 579), is conclusive upon this point. (*Matter of Starbuck*, 221 App. Div. 702; affd., 248 N. Y. 555; *Matter of Hoyt*, 160 id. 607; *Bowditch* v. *Ayrault*, 138 id. 222.)

(3) I hold further that the expenditures for legal fees and disbursements incurred by the trustee in the Supreme Court action of Farrell v. Farrell should be allocated and one-half thereof charged against him individually and the remaining half properly charged against the estate. The action brought by the plaintiffs there was against the accountant not only as executor and trustee, but against him in his individual capacity. The complaint in that action sought to recover certain proceeds of the sale of real property alleged to belong to the husband of the testatrix. I accordingly hold that the trustee should be surcharged with the sum of $9,202.57, one-half of the item of $18,405.14 incurred for legal fees and expenses in the defense of the action.

(4) I further hold that the trustee should be surcharged with the printing and other expenses of prosecuting the appeals in *Matter of Farrell* (133 App. Div. 97; affd., 198 N. Y. 579) amounting to the sum of $648.96. It appears conclusively that the appeals were prosecuted by the trustee because of the fact that the decree of the surrogate denied him the right to pay out to himself moneys alleged to have been expended by him as life tenant. A reversal

of the decree of the surrogate would have inured to the benefit of the trustee individually and to the detriment of the estate. For these reasons I find that the trustee acted solely in his own personal interests, and in justice to the remaindermen should be surcharged with the expenditures improperly paid by him out of the fund.

(5) I find further that the trustee was guilty of gross negligence and waste in failing to properly guard and protect the property located at 432 East Fourteenth street, New York city, upon which the estate held a mortgage of $30,000. The evidence clearly discloses a reckless disregard of his duties as trustee in failing to take steps to adequately protect the property from damage after abandonment by the owner, and particularly after foreclosure of the mortgage. The trustee neglected to employ a caretaker for the premises and to provide other proper surveillance, or make ordinary repairs to the building to avoid damage and destruction. As a result of the waste and neglect of the trustee, the building was greatly damaged and the trust corpus has suffered serious loss. From the testimony adduced at the hearings before me, I hold that the reasonable expense of restoring the premises to a tenantable condition is the sum of $15,948. The fund has been impaired to that extent and the trustee will accordingly be surcharged in that amount.

Submit decree on notice settling the account in accordance herewith.