In the Matter of the Estate of MORRIS DENBOSKY, Deceased. Application of EZRA DENBY to Compel Payment of Legacy. EZRA DENBY, Appellant; ISAAC POLITZINER, as Executor and Substituted Trustee, Respondent.

First Department, June 20, 1935.

*Jac M. Wolff*, for the appellant.

*Hubert P. Kelly*, for the respondent.

UNTERMYER, J.   Morris Denbosky died on December 2, 1917, a resident of New York county.   By last will and testament he bequeathed $3,000 to the appellant Ezra Denby, formerly Ezra Denbosky, as follows:

" *Second.*   I give and bequeath to my grandson Ezra Denbosky, son of David, the sum of  Three  thousand ($3,000) dollars, which shall be paid to him at the time of his marriage, provided he shall marry in the Jewish faith; but if he remain unmarried the said sum shall be paid to him when he reaches the age of Thirty (30) years.   The payment of this bequest is made a charge against premises Nos. 101–103 Stanton Street, in the Borough of Manhattan, City of New York."

A like bequest was made to appellant's brother Arnold in paragraph third of the will.   At the end of subdivision " d " of paragraph fifth thereof, the testator further provided that the distribution of the residuary estate was " subject to the bequests hereinbefore made for the benefit of my Grandchildren Ezra Denbosky and Arnold Denbosky."

The petitioner attained the age of thirty years in 1934, and, being unmarried, made demand upon the respondent, then executor and sole substituted trustee, for payment of the legacy.   This having been refused, the present proceeding to compel payment ensued. In opposing the application, the respondent alleged that in 1919 (when the petitioner was fifteen years of age) the executors and trustees obtained a mortgage on the Stanton street property for $23,000 through the New York Title and Mortgage Company, in connection with which they were required by the mortgagee to deposit with the title company the sum of $6,000 for investment in

first mortgage guaranteed certificates in order to assure to the petitioner and his brother the payment of these legacies. The respondent further alleged that in 1931 the accounts of the executors and trustees were settled in a proceeding to which the petitioner, then of full age, was a party and in which the disposition of the legacy was fully set forth. Although it is conceded that the $6,000 mortgage certificate is not worth that sum, the respondent contends that the petitioner must accept in payment of his legacy a one-half interest therein.

We recognize, of course, that the decree upon an accounting constitutes a conclusive adjudication against persons duly cited, or who have appeared, as to all matters included in the account. (*Hull* v. *Hull,* 225 N. Y. 342; *Joseph* v. *Herzig,* 198 id. 456; *Altman* v. *Hofeller,* 152 id. 498; *Bowditch* v. *Ayrault,* 138 id. 222; *Matter of Underhill,* 117 id. 471.) The question for consideration here is whether the disposition of the legacy was disclosed in the account and included in the decree so as to be conclusive upon the petitioner. The schedule attached to the amended account relating to the petitioner's legacy reads as follows:

" Schedule ' M '

Statement of Legacies *Paid* as Directed

By Will of Morris Denbosky.

Ezra Denbosky, son of David Denbosky, deceased, *on deposit* with the New York Title and Mortgage Company. Charged against 101–3 Stanton Street as directed by paragraph Second of Will............ $3,000.00 "

Schedule " S " in said account sets forth the following:

| Name | Relation-ship | Address | Approx. Interest |
|---|---|---|---|
| " Ezra Denbosky | Grandson | 420 Riverside Drive, N. Y. City. | During the lifetime of Edward Denbosky, no interest. Is the beneficiary of a legacy of $3,000 *deposited with* New York Title and Mortgage Company *in accordance with paragraph 2 of the Will.*" (Italics mine.) |

Similar allegations are made in the same schedules relating to the legacy of Arnold Denbosky. Neither of these refers to mortgage

certificates. On the contrary, they would indicate that the amount of the legacies was deposited in cash with the New York Title and Mortgage Company. The decree on the accounting contains like indications and, so far as pertinent, recites: " The said Executors and Trustees are credited as follows: * * * Payment of Legacies — Schedule ' M ' — $6,000." Manifestly there is no reference here to mortgage certificates, nor does the account or the decree otherwise make reference to any fact which would suggest to the most cautious mind that the " legacy of $3,000 deposited with New York Title and Mortgage Company in accordance with paragraph 2 of the Will " had been invested in mortgage certificates.

It follows that the decree, limited in operation to matters actually embraced therein (*Matter of Hoyt,* 160 N. Y. 607; *Van Rensselaer* v. *Van Rensselaer,* 113 id. 207; *Matter of Peck,* 131 App. Div. 81; *Matter of Long Island Loan & Trust Co.,* 92 id. 1; affd., 179 N. Y. 520; *Joseph* v. *Herzig, supra*), does not bind the petitioner to accept payment of the legacy in mortgage certificates which were never disclosed in the accounting proceedings nor approved as an investment.

The order should be reversed, with costs to the appellant payable out of the estate, and the motion granted.

MARTIN, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with costs payable out of the estate, and the motion granted, and proceeding remitted to the surrogate of the county of New York for further action in accordance with opinion.