In the Matter of the Judicial Settlement of the Accounts of FIRST TRUST AND DEPOSIT COMPANY, as Trustee under the Last Will and Testament of PERCY E. ROCHE, Deceased.

MARY DISSEL and Others, Appellants; FIRST TRUST AND DEPOSIT COMPANY, as Trustee under the Last Will and Testament of PERCY E. ROCHE, Deceased, Respondent.

Fourth Department, June 26, 1935.

*Arthur E. Sutherland, Jr.*, for the appellants Mary Dissel and Katherine Dissel, individually, etc.

*Frank H. Hiscock, Leroy B. Williams* and *George W. Lee*, for the respondent First Trust and Deposit Company.

*Frank P. Malpass*, as special guardian of Dissel infants.

PER CURIAM. The will of the testator contained the following provision: " I direct that my stock in the First Trust and Deposit Company be held and divided among the trusts hereby created, and not disposed of until it becomes necessary to do so, in order to settle my estate."

We concur in the surrogate's determination that the record does not permit a finding that the trustee — in retaining its own stock as a trust investment pursuant to the direct mandate of the will — was guilty of negligence or of any dereliction of duty whereby it should be held in damages. However, we find that certain surcharges should be made. Section 21 of the Personal Property Law contains this statement: " But no trustee shall purchase securities hereunder from himself." This has reference to bonds and mortgages as a whole. The Banking Law, section 188, subdivision 7, states in part: " Investments in bond and mortgage by any such corporation as * * * trustee * * * may be made by apportioning or by transferring to any estate or fund so held a part interest in a bond and mortgage held by or in the name of such corporation, individually or in any representative capacity, * * * and such corporation shall promptly notify each person of full age and sound mind entitled to the income therefrom of the fact that such investment has been made."

The trustee has purchased from itself in behalf of the estate certain entire bonds and mortgages and has also invested trust funds in mortgage participations without giving the statutory notice. These transactions fall within the condemnation of the statutes quoted.

We disapprove the claim of appellants that the trustee should be surcharged individually with disbursements incurred on its appeal

194

to the Court of Appeals from an order of this court (233 App. Div. 236) heretofore granted. The modification of the order of this court made by the Court of Appeals (259 N. Y. 458) was of such a character that — although costs were not allowed to the trustee-appellant — no costs were allowed in favor of respondents, and the trustee should not be surcharged with the disbursements incurred on the appeal. The principle enunciated in *Matter of Farrell* (133 App. Div. 97; affd., 198 N. Y. 579; 152 Misc. 118, 121) is not applicable. There is no indication that the trustee acted in bad faith or that the disbursements were incurred in furtherance of the personal interests of the trustee rather than those of the beneficiaries.

The decree should be modified by surcharging the account of the trustee with the amounts of these mortgages and mortgage participations and as thus modified the decree should be affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Decree modified and as modified affirmed, without costs of this appeal to either party.