In the Matter of the Judicial Settlement of the Final Account of Proceedings of CITY BANK FARMERS TRUST COMPANY, as Trustee of the Trust Created by Clause Eighth of the Last Will and Testament of LILLIA M. BEARNS, Deceased.

BERTRAM BEARNS, Appellant; CITY BANK FARMERS TRUST COMPANY, Respondent.

First Department, May 7, 1937.

*James A. Davis* of counsel [*Leon Quat* with him on the brief; *Rabe, Keller & Davis*, attorneys], for the appellant.

*Edwin W. Cooney* of counsel [*Elmer J. Hoare* with him on the brief; *Mitchell, Taylor, Capron & Marsh*, attorneys], for the respondent.

UNTERMYER, J.   The appellant is the beneficiary under a trust established by the will of his deceased aunt containing the following provision: " I give and bequeath to the said The Farmers' Loan and Trust Company, the sum of Five thousand ($5,000.00) Dollars, in trust, to collect and receive the issues and profits thereof and to apply the net income therefrom, to the use of my nephew, Bertram Bearns, as nearly as may be in equal semi-annual installments, until he shall attain the age of twenty-five years, and thereupon to transfer and pay over to him the principal of said trust fund."   Objections filed by the beneficiary to the account of the trustee were dismissed by the surrogate.   These objections were upon the ground that the trustee had invested virtually the entire trust fund in a participating interest of $5,200 in a bond and mortgage of $3,000,000 held by the trustee.   Under these circumstances, to constitute a valid investment, the trustee was required to comply with subdivision 7 of section 188 of the Banking Law, which, prior to amendment by chapter 898 of the Laws of 1936, provided that " such corporation shall promptly notify each person of full age and sound mind entitled to the income therefrom of the fact that such investment has been made."   (*Matter of Roche*, 245 App. Div. 192.)   The appellant was an infant at the time of the investment but became of age within two months thereafter. When the investment was made notice was not given to his general guardian nor when he became of age was notice given to him.

We think notice was required to be given to the general guardian promptly after the investment was made, because he was the " person of full age and sound mind entitled to the income " during the minority of the beneficiary.   It is true that a trustee appointed " to apply " income to the use of an infant cannot ordinarily be compelled " to pay " the income to the general guardian.   (*New York Trust Co.* v. *Black*, 178 App. Div. 4; affd., 223 N. Y. 703; *Matter of McCormick*, 40 App. Div. 73.)   But in determining whether the instrument requires payment of income to the guardian or constitutes only a direction that it be applied to the use of the infant by the trustee, the intention of the testator must be derived from all its provisions.   Thus interpreting the trust we find that the direction " to apply the net income " to the use of the beneficiary is qualified by other indications of intention too strong to be resisted.   The will directs that the income be disbursed " as nearly as may be in equal semi-annual installments."   In the nature of things the income could not be thus " applied " to the education, maintenance and support of the beneficiary because such disbursements would necessarily occur at various times and in varying amounts.   Such an intention would be incompatible

with the direction for the disbursement of the income in installments, which should not only be semi-annual but equal in amount.

The trustee also so construed the present trust. Before disbursing any income it insisted on the appointment of a guardian to receive it for the infant and throughout the guardianship it continued to pay to the guardian directly and without accumulation all the income of the trust. Its own interpretation is convincing recognition of the authority of the general guardian to receive the income and, therefore, of authority to receive also statutory notice of the investment in the bond and mortgage.

The decree should be reversed, with costs, and the respondent surcharged with the amount of the investment and interest, and the matter remitted to the surrogate of the county of New York for further action in accordance with this opinion.

MARTIN, P. J., TOWNLEY and COHN, JJ., concur; GLENNON, J., dissents and votes to affirm on opinion of FOLEY, S. [Reported in 158 Misc. 863.]

Decree reversed, with costs, and the respondent surcharged with the amount of the investment and interest, and the matter remitted to the surrogate of the county of New York for further action in accordance with opinion. Settle order on notice.