## In the Matter of the Estate of Julius Schmidt, Deceased.

Surrogate's Court, New York County, May 27, 1937.

*Mitchell, Taylor, Capron & Marsh* [El.  · *J. Hoare* of counsel], for the petitioner, The City Bank Farmers Trust Company, trustee.

*Frederick J. Sullivan* [*William Roth* of counsel], special guardian.

*Grace Humiston*, for Virginia A. Siegel and Augusta S. Leary, objectants.

*Sidney H. Aarons*, for Juliet Cabezuelo and Helen Schmidt, as executrices, etc.

FOLEY, S. This is a motion brought on by the trustee for reargument of a motion to dismiss the amended objections to the account. By my prior decision (163 Misc. 610) I granted the motion to strike out certain objections on the ground that the prior decree of March 25, 1933, was *res judicata* as to the matters covered by such objections. I denied the motion to strike out the objection relating to the investment in the so-called Kinsley mortgage in the sum of $20,000 on the property located in Mt. Kisco, N. Y. As to such investment, the surrogate pointed out that the former account erroneously described the mortgage as an " interest " in a mortgage, whereas the fact was that it was actually a whole mortgage.

The principal ground of attack by the objectants upon such mortgage is that it was purchased by the trustee from itself individually. Other grounds asserted for the surcharge of the trustee involve the validity and the regularity of the original investment in such mortgage and the management of the property since the date of the foreclosure of the real property.

New grounds are set forth by the trustee — The City Bank Farmers Trust Company — for the dismissal of the amended objections. No one of these contentions is persuasive or furnishes sufficient reason for the modification of my former decision. The issues raised by the amended objections must be determined after the taking of testimony. The trustee is not entitled to a dismissal upon the theory that the facts are undisputed and that questions of law only are involved.

(1) The primary question raised here is whether a corporate trustee may acquire a whole mortgage, issue thereafter a form of a certificate under section 188, subdivision 7, of the Banking Law, and allot the entire mortgage to a trust under the guise of a participation. By the provisions of that section, neither in the letter nor in the spirit of their meaning was permission granted to the corporate trustee to proceed in that extraordinary fashion. The text of the section as it existed in 1930 at the time of the original acquisition of the mortgage by the trust company, and in 1931 when the investment was made for this estate, must be considered because such participations as future investments were prohibited by chapter 898 of the Laws of 1936.

In 1930 and 1931 the section permitted investments in a bond and mortgage by a corporate fiduciary with the right to apportion to any estate or fund held by such corporation " a part *interest* in a bond and mortgage held by or in the name of such corporation individually." Authority to repurchase such part interest was granted to the corporation. A reading of the entire

contents of subdivision 7 of the section clearly shows that the intent of the Legislature was to permit division, apportionment and allotment. The placing of a whole mortgage within a single trust or estate, such as was done here, was neither contemplated nor recognized as proper. The investment in a whole mortgage remained subject to the rules of trust administration that the trustee may not hold an investment in its individual name nor purchase an investment from itself where it was originally acquired in an individual capacity. The privilege granted in 1917 by the amendment of subdivision 7 of section 188 of the. Banking Law changed these rules only in their application to mortgages intended to be allocated by participations. (*Matter of Flint*, 240 App. Div. 217; affd., 266 N. Y. 607; *Matter of Young*, 249 App. Div. 495; *Matter of Peene*, 155 Misc. 155.) Safeguards surrounding the method of making such investments by corporate trustees were written into the law in 1917 after the decision of the Court of Appeals in *Matter of Union Trust Co.* (219 N. Y. 514). These statutory requirements must be strictly obeyed. They may not be disregarded nor their clear meaning perverted in order to give validity to an investment made in violation of a duty otherwise imposed upon the trustee. An examination of the form of the certificate issued to this estate in 1931 is illuminating. It is inaccurate and deceptive and might lead any one examining it into the belief that it represented a part of a mortgage instead of a whole mortgage.

I accordingly hold that by the provisions of section 188, subdivision 7, of the Banking Law, a corporate trustee may not acquire for itself in its individual capacity a mortgage, issue a " participation " certificate for the entire mortgage, allocate it to a trust, and avail itself of the protection of the subdivision. Where a trustee uses trust funds to purchase an investment from itself individually, the law does not stop to inquire as to the value or other elements of the investment. The act itself constitutes a breach of trust and restitution of the funds diverted must be decreed. (*Matter of L. I. L. & T. Co.* [*In re Garretson*], 92 App. Div. 1; affd., 179 N. Y. 520.)

Cases showing the necessity of a vigorous enforcement of these rules occur not infrequently. In a recent proceeding tried before me, the corporate trustee had in its individual portfolio a mortgage which it held for a period of over ten years. It was not acquired with any intention of using it as a basis for allocation under section 188 of the Banking Law. Subsequently it attempted to apportion part of it by a participation to the trust involved in the proceeding. A clear breach of trust was thus established.

Because of the restitution of the full amount of cash invested in the participation by the trustee, the rendition of a published decision became unnecessary. In another recent case in the Appellate Division, Second Department (*Matter of Young*, 249 App. Div. 495, revg. 159 Misc. 611), the mortgage was obtained by the corporate fiduciary in its individual capacity for the purpose of liquidating a loan made on a promissory note. Subsequently, the mortgage, the individual asset of the bank, was transferred to an estate of which it was trustee. A surcharge was directed for the amount invested out of the trust fund.

In the pending proceeding, therefore, the objectants are entitled to inquire into the acquisition of the original mortgage by the trust company by assignment to it made on October 9, 1930. They are entitled to inquire further as to the circumstances surrounding the acquisition. It is claimed by the trust company that it subsequently allocated this mortgage to another estate. The circumstances of the transfer must be the subject of proof. The trust company further asserts that on November 23, 1931, it bought the mortgage as trustee of the present estate from itself as trustee of the estate which formerly held it. That statement contained in an affidavit without detailed proof of the surrounding circumstances may not be accepted as conclusive. The proofs may sustain the contention of the trust company. ,On the other hand, they may show that the transaction was an individual one, or that the original investment was illegal or that between the time of the transfer from one estate to another the title remained in the trustee individually. (*Matter of Young, supra.*)

(2) In my former decision I held that the prior decree of March 25, 1933, in the former accounting was not conclusive and *res judicata* as against the objectants under the rule laid down in *Matter of L. I. L. & T. Co.* (*In re Garretson*) (92 App. Div. 1, 4; affd., 179 N. Y. 520). (See, also, *Dutton* v. *Smith*, 10 App. Div. 566; *Rudd* v. *Cornell*, 171 N. Y. 114; *Matter of Denbosky*, 245 App. Div. 93.) Under the *Garretson* decision a mere statement in an account of an investment without disclosure by the fiduciary that it had been acquired from itself does not render the decree binding upon beneficiaries who fail to object to it. The form of the prior account in the pending estate likewise contained no adequate disclosure of the method of acquisition nor is it asserted by the trust company that it revealed to the adult beneficiaries the method of acquiring. As against the infant, the report of the special guardian in the former accounting shows that he was not informed as to the true facts and that he regarded the mortgage as a participation and not as a whole mortgage.

(3) It is now claimed by the trustee that the trust fund was actually divided into three parts under the terms of the will and that thereby it was entitled to treat the whole mortgage as a participation and to allocate it to the three trusts authorized under the will. The form of the prior account and the present account contradict that assertion. In the former account and in the present one the three trusts were treated *in solido* and accounted for as a single trust. It is an undisputed fact that only a single participation certificate for $20,000, which was the total amount of the mortgage, was ever issued by the trust company. If the trust had been actually administered as divided into three separate trusts and had been so accounted for, and if three separate certificates of participation in the whole mortgage were actually issued under the provisions of section 188 of the Banking Law there might be some support for the trustee's present contentions. The trustee is bound by its own acts and cannot by a present mental operation of its attorneys or officers change the actual way in which it has dealt with the fund upon any belated theory as to the construction of the will. Its present contention amounts to a pretended basis of exoneration to be applied *nunc pro runc* in disregard of the undisputed facts.

Under all these circumstances I hold that the validity and the regularity of the investment attacked by the amended objections must be tried and determined upon evidence to be submitted by the various parties to the proceeding. If that evidence exonerates the trustee, the objections will be dismissed. If it does not, the trustee will be surcharged.

Submit order on notice denying the motion accordingly.