In the Matter of the Estate of THOMAS DIMOND, Deceased.

Surrogate's Court, New York County, June 19, 1937.

*Mitchell, Taylor, Capron & March* [*David Kelly, C. Alexander Capron* and *J. Karr Taylor* of counsel], for the executors and trustees, petitioners.

*Russell B. Livermore,* special guardian for Thomas Dimond, 2d, contingent remainderman.

*Livermore & Livermore,* for Jessie Kennedy Dimond, Jessie Kennedy Dimond, Jr., and Jane Dimond, contingent remaindermen.

*Terence J. McManus,* special guardian for Patricia Dimond and Joan Amerman Edwards, contingent remaindermen.

*George K. Shields,* for G. Arnold Dimond, life beneficiary and legatee.

FOLEY, S. The principal objections filed to the account of the trustees in this proceeding relate to investments made by them in certain mortgage participations. Specifically, the objections are that the trustees, in making the investments, failed to comply with the terms of the testator's will and the pertinent provisions of the Banking Law.

By his will the testator authorized his trustees to invest the funds of the estate upon " bonds secured by mortgage on improved real property situate in the City of New York (provided the amount secured be not in their judgment more than sixty per cent. [60%] of the value of such real property), or in improved real property itself, situate in the City of New York, and to change such securities or investments by sale or otherwise as often as they may think expedient. In making investments in bonds secured by mortgages upon improved real property or in real property itself, I direct that my Executors and Trustees shall secure an appraisal thereof by two well known real estate firms."

Briefly stated, the directions of the testator to his trustees were as follows: (1) You may loan on mortgage on improved real property, not to the extent of sixty-six and two-thirds per cent of the value of the real property, the legal rate, but only to the extent of sixty per cent, and (2) in the exercise of your discretion in the making of such investments, you must secure at the time of investment the appraisal of the property by two well-known real estate firms.

1. On December 30, 1930, the trustees purchased for the trust accounted for, a participation in the amount of $7,000 in a bond and mortgage of the William and Beaver Corporation, covering property known as 38–56 Beaver street and 8–26 South William street, New York city. On March 27, 1931, they purchased an additional participation therein in the amount of $6,900. The mortgage was in the principal amount of $3,000,000 and was placed by the corporate trustee on June 3, 1930, under section 188 of the Banking Law.

Two appraisals of the value of the real property were obtained — one, on April 14, 1930, from one Juan W. Mooyer, a regular appraiser customarily employed for such purposes by the trust company, who valued the premises at $4,600,000, and another, at about the same time, from the real estate firm of Brown, Wheelock, Harris, Vought & Co. The latter valued the property at $5,500,000.

I hold that the investments by the trustees in these mortgage participations were unauthorized by the terms of the will. The powers of a trustee in respect of its dealing with the corpus of a trust must be determined primarily from the terms of the instrument creating the trust. (*Matter of Kohler*, 231 N. Y. 353.) Investments were strictly limited by the testator to mortgages which did not exceed sixty per cent of the value of the real property. Based upon the valuation of at least one appraisal, that of Mr. Mooyer, it appears that the mortgage was in excess of sixty per cent. It is asserted by the corporate fiduciary that probably the best evidence of the value of the property was its sale price of $5,675,000. I specifically find, however, that the actual selling price in June, 1930, did not dispense with the mandatory requirements of the will nor control the valuation at the time of the making of the investments in late December, 1930, or in March, 1931. Neither of the appraisals was secured by the trustees at or about the time of the purchase of the participations. The appraisals should have been obtained at that time and not long prior thereto. (*Matter of Young*, 249 App. Div. 495; affd., 274 N. Y. 543.)

2. In August, 1932, the trustees purchased participations in the amount of $25,000 in a bond and mortgage of the Dayfield Realty Corporation, covering property located at 1160 Fifth avenue, New York city. The principal amount of the bond and mortgage was $500,000. The property securing the mortgage was appraised by Brown, Wheelock, Harris, Vought & Co., on May 2, 1930, at $1,200,000, and again on February 29, 1932, by Juan W. Mooyer, at between $950,000 and $1,000,000. The appraisals were not made at the time of the making of the investments as directed by the testator. The first appraisal, which was not secured by the

trust company, was given as of a date more than two years prior to the purchase of the participations. The second appraisal was made five months prior to such purchase. Clearly the testator intended that each time an investment in a bond and mortgage was made, the trustees should secure the appraisal of "two well known real estate firms." In these respects again the specific requirements imposed by the will were not complied with. (*Matter of Young, supra.*)

It further appears that with respect to the investments in the mortgages, both on the William and Beaver Corporation property and the Dayfield Realty Corporation property, the corporate fiduciary failed to promptly notify "each person of full age and sound mind" entitled to income therefrom of the fact that such investments have been made, as required by section 188, subdivision 7, of the Banking Law. It has been shown that at least one person, the objectant, G. Arnold Dimond, a life beneficiary under the will, did not receive notice of the purchase of the mortgage participations. The failure to give such notice is fatal and constitutes a basis for a surcharge. (*Matter of Roche,* 245 App. Div. 192; *Matter of Jones,* 155 Misc. 315; *Matter of Peene,* Id. 155; *Matter of Bearns,* 251 App. Div. 222.) It is urged by the trustees that income statements sent to each life beneficiary shortly after the purchase of the participations in the mortgage on the Dayfield Realty Corporation property constituted a compliance with the requirements of the statute, at least as to these investments. These statements, however, described each investment as a bond and mortgage. The forms of the statements were entirely insufficient to apprise a beneficiary of the fact that investments had been made in participations, and not in a whole mortgage. (*Matter of Schmidt,* 163 Misc. 156; Id. 610.) I hold that the notices were defective and did not comply with the statute.

The failure of the trustees to carry out the specific directions of the will and to obey the requirements of the Banking Law renders them liable to a surcharge for the full amount of the investments.

3. The objections to the items for stenographic and typewriting charges are sustained to the extent of reducing such charges to the sum of $368.60.

Submit decree on notice surcharging the trustees, requiring them to replace the illegal investments with their face value in cash, and settling the account accordingly.