In the Matter of the Petition of ELSIE K. POWELL, as Executrix, etc., of WILSON M. POWELL, Deceased, for the Judicial Settlement of the Account of Proceedings of WILSON M. POWELL, as Substituted Trustee under the Last Will and Testament of EDMUND P. RUSHMORE, Deceased. ELLEN RUSHMORE McKEON, ALICE R. WELLS and WILLIAM R. RUSHMORE, Appellants; ELSIE K. POWELL, as Executrix, etc., of WILSON M. POWELL, Deceased, Respondent.— Order of the Surrogate's Court, Queens county, dismissing, as insufficient in law, ten of appellants' objections to the account filed by the executrix under the will of the deceased trustee, in so far as appealed from, affirmed, with ten dollars costs and disbursements to respondent, payable by appellants. No opinion. Hagarty, Carswell, Johnston and Adel, JJ., concur; Taylor, J., dissents in part, in the following memorandum: Those objections which were dismissed by the surrogate as insufficient in law, because of the claimed effect of the 1928 decree as *res judicata*, were improperly dismissed, for the 1928 account is too meagre in its relevant statements to make that decree a binding adjudication. (*Joseph* v. *Herzig*, 198 N. Y. 456; *Matter of Denbosky*, 245 App. Div. 93; *Matter of Schmidt*, 163 Misc. 610.) Therefore, the following five objections are valid and should not have been dismissed, and as to these there should be a reversal: Michelover mortgage, objections Nos. 1 and 6; Lentin mortgage, objection No. 1; Forst mortgage, objection No. 6; Schulman mortgage, objection No. 5. Lentin mortgage, objection No. 1, is also valid and should not be dismissed because of the payment of amortizations to the trustee personally. As to the same five objections, as matter of law the amortizations paid should have been, but were not, distributed ratably among the holders of mortgage participations because of the principle that equality is equity. *Matter of Gottschalk* (167 Misc. 397) and *Matter of Alexander* (152 id. 354) are not to the contrary when considered in the light of their peculiar facts. The same principle as to ratable distribution makes improper the dismissal of Michelover mortgage,

objection No. 7. Lentin mortgage, objection No. 2, involving a claim of impairment of mortgage by increase of the loan, is sufficient in law. Its dismissal was error. There should be reversal in the instances indicated. I agree with the majority in the affirmance of the order appealed from as to those three remaining objections, which relate to small participating interests in mortgages.