In the Matter of the Judicial Settlement of the Account of Proceedings of TITLE GUARANTEE AND TRUST COMPANY and WILLIAM F. BROWN, as Surviving Trustees under the Last Will and Testament of CORNELIUS J. RYAN, Deceased, and WILLIAM F. BROWN, as Ancillary Executor, etc., of MICHAEL G. RYAN, Deceased, for the Acts of Said MICHAEL G. RYAN, as Trustee under the Last Will and Testament of Said CORNELIUS J. RYAN, Deceased. (From April 20th, 1927, to November 9th, 1937.)

TITLE GUARANTEE AND TRUST COMPANY and WILLIAM F. BROWN, Individually and as Surviving Trustees under the Last Will and Testament of CORNELIUS J. RYAN, Deceased, and WILLIAM F. BROWN, Individually and as Ancillary Executor, etc., of MICHAEL G. RYAN, Deceased, Accounting for the Acts of Said MICHAEL G. RYAN, as Trustee under the Last Will and Testament of Said CORNELIUS J. RYAN, Deceased, Appellants, Respondents; ELLEN RYAN LYNCH, MARIE U. KEARNEY, ALICE RYAN BARRY, CORNELIUS J. RYAN and ANN RYAN HULSWIT, Respondents, Appellants; RALPH S. DANIELS, as Guardian and Ancillary Committee in the State of New York, of the Property of TIMOTHY BURKE RYAN, Respondent.

William F. Brown, one of the appellants, having died March 21, 1942, subsequent to the argument of the appeals, the following determination of said appeals is ordered to be entered *nunc pro tunc* as of January 6, 1942. Decree, so far as appealed from, affirmed, with costs to the respondent Ralph S. Daniels, as guardian and ancillary committee, etc., payable by the corporate trustee. No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; Martin, P. J., dissents and votes to modify; dissenting opinion by Martin, P. J. Intermediate orders brought up for review unanimously affirmed. O'Malley, J., taking no part.

MARTIN, P. J. (dissenting). The major portion of the surcharge against the corporate trustee herein is based on the practice of that trustee dealing with itself when investing in whole mortgages. The resort to devious efforts to have it

appear that these whole mortgages were purchased from the affiliate leaves no doubt that the officials of the corporate trustee realized they were doing something unauthorized by law. Deliberate improper investments of estate funds and purchase of securities by a fiduciary from himself are reasons for denial of commissions to which a trustee is ordinarily entitled. (See discussion of subject in *Matter of Taft*, 145 Misc. 435.) Also, we are of the opinion that the dereliction of duty herein has been willful and characterized by bad faith, and, therefore, interest at the rate of six per cent should be imposed on the surcharge. ( *King* v. *Talbot*, 40 N. Y. 76.)

The decree so far as appealed from should be modified so as to eliminate the provision for payment of any commissions to the corporate trustee, and so as to provide for the payment of interest at the rate of six per cent on the amount of the surcharge, and as so modified affirmed. The intermediate orders brought up for review should be affirmed.

O'Malley, J., taking no part.