In the Matter of the Accounting of LAWYERS TRUST COMPANY, Successor to HOME TRUST COMPANY OF NEW YORK, as Substituted Trustee under the Will of JAMES WEIR, JR., Deceased.

Surrogate's Court, Kings County, December 20, 1943.

*Stephen Callaghan* for Lawyers Trust Company, as trustee.

*Moss & Merrell* for Walter H. Rozell, as executor of Mabel M. Miller, objectant.

*Edward McLaughlin* for James W. Hawkins and others, objectants.

*Griffing & Smith* and *Nathan O. Petty* for James E. Weir, Jr., and another, as executors and trustees of James E. Weir, also known as J. Ebb Weir, deceased.

*Anderson, Gasser, Ferris & Anderson* for Green-Wood Cemetery.

*Phillips, Mahoney & Fielding* for Margaret A. Weir, individually and as executrix, and another.

*Philip V. Manning* for Jacques O. Tuchler and another.

McGAREY, S. Upon the settlement of the account of the substituted trustee, various objections are asserted thereto, which in part attack the legality of certain investments made by the trustee. The investments thus questioned were set forth in a prior account of the trustee filed in 1932 and supplemented in 1936, and thereafter judicially settled by a decree of this court dated the 21st day of October, 1942. It is accordingly contended by the trustee that the issue of the legality of such investments was tendered by the prior account, and that upon the failure of the objectants to then join such issue, it has been rendered *res judicata* by the decree settling said account.

The investments in question consist of five guaranteed mortgage-participation certificates purchased from Lawyers Title and Guaranty Company. The present account states that Lawyers Title and Guaranty Company owned all the stock, except qualifying shares, of the substituted trustee at the time of the acquisition of such certificates and it is conceded that they had common directors, officers and offices. The issue before the court is therefore narrowed to whether the prior account made disclosure of the facts sufficient to put the objectants on notice that there might have been self-dealing in the making of the questioned investments so that upon their failure to raise such issue the decree rendered the issue *res judicata,* and the objectants are now estopped from litigating the issue upon the present accounting.

In the account filed in 1932, in the petition for its judicial settlement, and in the supplemental account filed in 1936, there was substantially set forth (1) that Lawyers Title and Trust Company, pursuant to chapter 322 of the Laws of 1924 and by virtue of a certificate filed in the office of the Clerk of the County of New York on February 28, 1925, had been divided into Lawyers Title and Guaranty Company and Lawyers Trust Company; and (2) that " pursuant to the terms of the said division, all relations of trust of the Lawyers Title and Trust Company devolved upon the Lawyers Trust Company ". The account did not state that after such division Lawyers Title and Guaranty Company owned all of the stock of the trust company and that there were common officers and directors. It is apparent, however, that objectants could easily have obtained this information either by examination of the statute

authorizing the division which permitted ownership of the trust company stock by the title and guaranty company, by reference to the certificate of division which evidenced the accomplished fact, reference to which was made in the account, or by examination of the fiduciary pursuant to section 263 of the Surrogate's Court Act. In the opinion of the court there was sufficient disclosure made in this manner to put the objectants upon inquiry; that having failed to make such inquiry or having made it, having then failed to object, they are now estopped from raising any issue with respect to the legality of the investments.

The doctrine of *res judicata* has been stated in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304, 306) as follows: " A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated * * *." The rule with respect to the binding effect of decrees settling the accounts of fiduciaries has been stated on many occasions. (See *Matter of Emmerich,* 175 Misc. 228; *Matter of Gilford,* 155 Misc. 339; *Matter of Roche,* 259 N. Y. 458; *Matter of Baker,* 249 App. Div. 265; *Matter of Baldwin,* 157 Misc. 692, affd. 250 App. Div. 767, motion for leave to appeal denied 274 N. Y. 64.) Every issue actually or potentially tendered by the account, to which no objection is asserted, is rendered *res judicata* by the entry of a decree judicially settling such account. The benefit of the finality and conclusiveness granted to such decrees by sections 80 and 274 of the Surrogate's Court Act would be destroyed if the courts did not thus rigidly seek to maintain their sanctity on this basis. This court has recently indicated its approval of this rule in *Matter of Blake* (46 N. Y. S. 2d 549).

This rule, however, is not applicable to accounting proceedings where facts are not sufficiently disclosed in the account to put the parties on notice that there has been self-dealing. (*Matter of L. I. L. & T. Co.* [*In re Garretson*], 92 App. Div. 1 [2d Dept., 1904], affd. on opinion below 179 N. Y. 520.) In such instances the decree judicially settling such account will not be *res judicata* as to matters not adequately disclosed upon a subsequent accounting.

In *Matter of L. I. L. & T. Co.* (*In re Garretson*), (*supra*) the trustee purportedly assigned to the trust a whole mortgage which it held individually. Subsequently it foreclosed the mortgage through proceedings instituted in its own name and took title to the realty again in its individual name. In an accounting thereafter filed and judicially settled by decree the

trustee merely charged itself with " Property No. 1458 Fulton Street at foreclosure . - - - $9,106.61." There was therefore not the slightest indication of the source from which the mortgage had been obtained, or from which self-dealing might be inferred. Upon a subsequent accounting by the trustee the investment was attacked by the life tenant of the trust. The trustee then claimed that the life tenant had ratified the action of the trustee by reason of a report made to her by the trustee, or was estopped by the prior decree. The court in dismissing the claim of ratification held that where ratification is sought to be set up, it must appear that not only did the *cestui que trust* have knowledge of all the facts, but that she was apprised of her rights under the law. As to the effect of the prior decree, the court merely held that the trustee had failed to sustain the burden of establishing that the question in issue had been litigated and determined in the former proceeding. The result appears to have been reached primarily because ratification had not been established, although the further holding that the prior decree was not *res judicata* is unquestionably sound.

Examination of subsequent decisions which have followed *Matter of L. I. L. & T. Co. (In re Garretson), (supra)* in setting aside decrees settling prior accounts for the purpose of relitigating issues raised by transactions involving self-dealing discloses that the results were attained because the prior accounts either misdescribed the nature of the property, or misrepresented it, or wholly failed to disclose any fact with respect to the origin of the investment. Thus in *Matter of Denbosky* (245 App. Div. 93) the prior account purported to show the deposit of an amount in cash in satisfaction of a legacy, when in fact there had been invested in a mortgage certificate an equivalent amount. In *Matter of Schmidt* (163 Misc. 156) the investment in question was erroneously described in the prior account as an interest in a mortgage whereas the fact was that it was a whole mortgage. In *Matter of Curtiss* (261 App. Div. 964, affd. 286 N. Y. 716) the trustee had issued certificates of participation in whole mortgages, which it held individually, to the trusts involved. Thereafter it placed a second mortgage upon the same property, against which it issued further participation certificates, some of which it likewise assigned to the trusts. In the prior account the certificates were described as " shares and participations in bonds and first mortgages * * *, said shares and participations being coordinate in lien with other participations issued therein and subject to no prior interest

\* \* \*." The second mortgage had been placed without the knowledge or consent of the certificate holders and without consolidating the two mortgages into a first lien. It was claimed therefore that the trustee had diminished the security of the certificate holders in the first mortgage and jeopardized the investment. The certificate holders in the second mortgage contended that they participated in a subordinate mortgage instead of a prior mortgage as required by law. No disclosure of these facts was made by the account and it was properly held that the prior decree was not *res judicata* as to these investments. In *Matter of Ryan* (181 Misc. 566, affd. 264 App. Div. 704, affd. 291 N. Y. 376), cited by the respondents herein, the questioned investments in whole mortgages were described in the prior account as: " Bd. & Mtge."— name of mortgagor in each instance — amount of mortgage. In fact each whole mortgage had been purchased by the trustee from itself and the guarantee of its affiliate corporation obtained through the medium of bookkeeping entries, none of which was disclosed by the account, nor was any fact mentioned to put the beneficiaries on notice. Surrogate DELEHANTY granted vacatur of the prior decrees to the extent required to permit determination of the legality of such investments.

In the opinion of the court this matter is properly distinguishable from the foregoing decisions. Here the prior account correctly described the investments, disclosed the source of purchase, and apprised the parties indirectly perhaps, but sufficiently to bind them, of the possibility of self-dealing in the making of the investments. The Court of Appeals has recently restated the rule with respect to self-dealing by trustees in *City Bank Farmers Trust Co.* v. *Cannon* (291 N. Y. 125, affg. 264 App. Div. 429 and 265 App. Div. 863). While the effect of the rule is to make voidable any transaction of a fiduciary in which divided loyalty is shown to have been existent, this court does not imply that, even if such an issue had been presented to the court for determination, it would have been resolved in favor of the respondents. The facts necessary to such determination have not and could not have been developed upon the hearing in view of the court's ruling as to the binding effect of the prior decree.

*Matter of Peck* (152 Misc. 315), cited by the objectants, presented for determination an example of self-dealing by a fiduciary in which the executors sought to establish ratification of the challenged acts of investment by the respondents upon the basis of their execution of an instrument of release to the

executors in which a formal accounting was waived. No evidence having been presented indicating that the facts regarding the purchase of the mortgages had been brought to the attention of the parties at the time of the execution of the release, the contention of the executors was overruled. The principles enunciated in *Adair et al.* v. *Brimmer et al.* (74 N. Y. 539, 554), that to establish a ratification by a *cestui que trust*, full knowledge of the material facts, and in an instance of self-dealing by a fiduciary, full knowledge of the legal rights possessed by the *cestui que trust*, must be clearly shown, are still unquestionably the law, for the rule there formulated was indirectly approved in *City Bank Farmers Trust Co.* v. *Cannon* (*supra*), and again in *Matter of Ryan* (*supra*). Distinction must be drawn, however, between estoppel predicated upon ratification whether through the medium of receipt, release, informal accounting, or knowledge otherwise acquired, and estoppel arising by decree judicially settling an account. If parties who are duly cited upon an accounting do not avail themselves of the rights accorded to them by statute, do not inquire or question acts of the fiduciary which are sufficiently disclosed to them by the account to put them on notice or inquiry, and yet at a later date may assert objections to such previously disclosed acts and proceedings, the benefits of judicial settlement are obliterated. Upon the entry of a decree judicially settling an account, rights of both the fiduciary and the parties in interest .vest. Such vesting of rights should not be lightly disturbed except in a proper case under subdivision 6 of section 20 of the Surrogate's Court Act.

Upon all of the foregoing objectants' objections " Third " and " Fourth " are accordingly dismissed.

[Other directions of the Surrogate have been omitted because of their subordinate importance.]