Aron Stetjer, J.
Plaintiffs are remaindermen under a certain deed of trust. Defendants are the trustee and the estate of the settlor. The motion is to dismiss the second cause of action on the ground that there is a decree of the court determining the matter. The second cause of action, in brief, charges that the settlor, with the acquiescence of the trustee, used certain stock (5,000 shares of Aspinook Corporation) that was a part of the corpus of the trust, to finance a loan to himself, and used the proceeds of the loan to attain additional shares of the same stock. The relief sought is an accounting for the value of the shares. It appears that following this transaction the trustee sought to account. There were objections filed and the settlor was made a party to the proceeding. The proceeding ended in a settlement upon which a decree was entered.
The sole question on this motion is whether this decree is a bar to this cause of action. In this connection it should be pointed out that one of the objections to the account was the transaction by which the 5,000 shares in Aspinook Corporation became a part of the corpus of the estate and were later taken out of the estate. Damages to compensate- the trust estate for this transaction were included in the settlement and it appears in the decree. The decree does not mention the acquisition of the other shares by the settlor. The complaint herein alleges that the plaintiffs (through their guardian ad litem) were unaware of this transaction at the time.
There is no dispute but that as to all matters embraced in a trust accounting that the decree is final and binding on all parties represented (Matter of Wade, 296 N. Y. 244). Nor is *50 there any doubt that it does not affect rights as to matters deliberately concealed by the trustee (Matter of Denbosky, 245 App. Div. 93). In the zone between in which the allegations of the complaint place this case — where there has been neither knowledge nor concealment — conclusions cannot be stated in such broad terms. The general rule that the decree is final as to all matters that could have been litigated (Hull v. Hull, 225 N. Y. 342) only retains its pristine force where the actions ‘ ‘ have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first” (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 307).
"What the defendants argument comes down to is first that the plaintiff’s guardian must have known of the transaction here complained of and failed to object. This is a question of fact and under a proper pleading defendants may raise it. Secondly, their argument is that an accounting trustee need not raise all possible questions himself and as to those not raised which,are discoverable, he is protected. To a certain degree this is true (Matter of Weir, 182 Misc. 845). But it does not generally extend to situations where the trustee is charged with dealing with himself (Matter of Ryan, 291 N. Y. 376). The claim here, while not strictly self-dealing, is closely allied to it.
The conclusion is that whether or not this claim is barred is a question of fact not determinable from the pleading or from the stipulation of facts submitted. The motion is consequently denied. To avoid future claims it is stated that the decision here does not pass on the question, not now before the court, of whether the transaction complained of gives rise to a cause of action.
Motion denied.