■ In the Matter of Accounts of Separate Trusts Created under Agreements by ELIZABETH L. DE SANCHEZ, Grantor. PEDRO ARELLANO LAMAR et al., Appellants; JP MORGAN CHASE BANK, Trustee, Respondent. [916 NYS2d 77]—

Order, Surrogate's Court, New York County (Troy K. Webber, S.), entered on or about August 27, 2009, which denied the motion by descendants of the grantor of certain 1927 trusts for summary judgment on their supplemental objection to respondent trustee bank's petitions to approve its trust accounts and granted respondent's cross motion to dismiss the supplemental objection to the extent of referring the matter to Supreme Court, New York County (Carol R. Edmead, J.), unanimously affirmed, without costs. Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 25, 2010, which denied the motion for summary judgment and granted the cross motion to dismiss the supplemental objection, unanimously affirmed, without costs.

Movants seek to set aside certain trust investments, which were judicially approved in accounting decrees issued in 1953 and 1975, on the ground that the investments were tainted by self-dealing on respondent's part. They allege that recently discovered evidence shows that in making these investments respondent had a conflict of interest, which it failed to disclose during the 1953 and the 1975 proceedings. Contrary to movants' contention, the motion is correctly characterized as an attempt to open the prior decrees; thus, the Surrogate properly transferred this matter to Supreme Court (see CPLR 5015 [a]).

The record shows that there was sufficient information disclosed in the accounts filed by respondent and in the extensive correspondence between respondent and the grantor of the trusts to put movants on inquiry notice of respondent's business relationships with the entities through which it purchased the challenged investments (see Matter of Weir, 182 Misc 845, 847 [1943]). Thus, movants failed to satisfy the criteria for seeking relief from the judicial decrees (CPLR 5015 [a] [2]; see Matter of de Sanchez, 57 AD3d 452 [2008]).

Furthermore, movants' evidence of alleged self-dealing fails to demonstrate that respondent had "an interest [in the entities in question] of such a substantial nature that there would be a temptation to consider its own advantage in making the sale and not to consider solely the advantage to the beneficiaries of the trust" (*Matter of Ryan*, 291 NY 376, 406 [1943], quoting Restatement [First] of Trusts § 170, Comment *i*). Movants argue that pursuant to the "no further inquiry" rule the appearance of conflict is enough to invalidate the challenged investments (*see Munson v Syracuse, Geneva & Corning R.R. Co.*, 103 NY 58, 73-74 [1886]). However, the evidence does not show that, while acting as a fiduciary to the trust, respondent acted in its own interest (*see e.g. Matter of Kirkman*, 143 Misc 342, 347-348 [1932]).

As movants failed to establish their claim of self-dealing by respondent, their supplemental objection is barred by the doctrine of res judicata (*see Matter of Hunter*, 4 NY3d 260, 269-270 [2005]; *Matter of Garretson*, 92 App Div 1 [1904], *affd* 179 NY 520 [1904]). Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ.