In the Matter of the Judicial Settlement of the Account of Proceedings of United States Trust Company of New York, as Sole Surviving Trustee, etc., of Enos S. T. Richardson, Deceased, and the Account of Proceedings of Richard S. Earl, as Executor, etc., of Edward Earl, Deceased, as and for His Acts under the Last Will and Testament of Enos S. T. Richardson, Deceased. United States Trust Company of New York, as Sole Surviving Trustee, etc., and Richard S. Earl, as Executor, etc., Appellants; Conrad Saxe Keyes, as Special Guardian for Enos S. T. Richardson, 4th, and Virginia Holland Richardson, Infant Parties, Respondent.— Decree of the Surrogate's Court of Kings county modified by reducing the amount of the surcharge as hereinafter stated, and as so modified affirmed, in so far as appealed from, with costs to special guardian against United States Trust Company of New York and Richard S. Earl as executor. The court is of the opinion: (1) That the decree of July, 1914, was not an adjudication of the exercise of reasonable prudence in holding the 421 shares of Nassau Bank stock, or the substitute thereof, 210½ shares of Nassau National Bank stock, from the time of receipt from executors up to the time of filing the prior account of May, 1914, because no such issue was tendered by the account; (2) that the purchase of 74½ shares of Nassau National Bank stock at $150 per share, and the sale of rights at $40 per share, which were set forth in the account filed May, 1914, were adjudicated by the decree of July, 1914, and may not be attacked here; (3) that the decree of July, 1914, was not an adjudication of the exercise of reasonable prudence in holding said 74½ shares from May, 1912, to May, 1914; (4) that Special Guardian's Exhibit 1 was admissible in evidence (Howard v. McDonough, 77 N. Y. 592; Civ. Prac. Act, § 374-a█), and is considered by this court in coming to its conclusion; (5) that facts and circumstances showing that the condition of the bank was seriously impaired in 1912, should have indicated to Trustee Earl, who was president of the bank, that this stock should have been disposed of that year, although it was quoted during that year from May to December at from $204⅛ to $220 per share, which was in excess of the price paid by the estate for the 74½ shares bought in May, 1914; (6) that the trustee trust company had

knowledge in 1912 of facts and circumstances which required it to make a close investigation of the affairs of this bank, as a result of which it would have been disclosed that the statements of the president to it and the publication of market prices were merely a veneer under which there was a condition which threatened the failure of the bank, a fact which in a few years eventuated; (7) that the trustees should be surcharged for the loss of 285 shares at $298.18 per share, less 185 shares sold at $1 per share, less liquidation dividend, less regular dividends, with interest from June 1, 1913. The charge of $208.18 is based upon the average bid price from June 1, 1912, to June 1, 1913, during which time the trustees would have had ample opportunity to dispose of the stock without sacrificing it or further endangering the affairs of the bank. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions in accordance herewith will be made. Lazansky, P. J., Young, Carswell and Tompkins, JJ., concur; Scudder, J., dissents, being of opinion that the liability of the trustees should be limited on the basis of $190 per share. Settle order on notice.