ELIZABETH ESHBAUGH ELLINGER, Appellant, v. BROOKLYN TRUST COMPANY, Respondent; MABEL GRETCHEN ENGEL, BENJAMIN GROBERG, as Guardian ad Litem for DAVID ENGEL, an Infant, and ALFRED MALLARME ELLINGER, as Guardian ad Litem for MICHAEL CHAPIN ELLINGER, an Infant, Appellants.— In an action against a trustee for an accounting, in which it was claimed by the plaintiff that the trustee had made certain unauthorized investments, judgment approving and settling the account of the trustee as filed, and dismissing the objections thereto, unanimously affirmed, with costs to the defendant-trustee, payable by the adult

appellants personally. By agreement dated February 21, 1929, the plaintiff settlor transferred to the defendant-trustee upon the trust set forth therein, $113,128.35 in cash, and 100 shares of the common stock of Hiram Walker, Gooderham & Worts, Ltd. Said agreement gave to the trustee full power and authority to retain, for so long as retention should be deemed for the best interests of the estate, any securities transferred to the trust estate, and like power and authority to sell such securities or any held in trust, however acquired, at any time and from time to time as it should deem for the best interests of the estate, and to invest and reinvest the proceeds of such sale or sales as well as any and all cash at any time constituting the principal of the trust, in such securities as it should deem prudent investments, irrespective of the fact that the same might not be such as were prescribed by law for the investment of trust funds. Acting under such broad authority the defendant-trustee made certain investments of trust funds with the settlor's consent, including one in ten shares of its own corporate stock, which investments, as far as objected to, show a loss or shrinkage, with which the plaintiff seeks to charge such trustee. For this loss, upon the evidence, the trustee, in our opinion, is not responsible; for the trust was voluntary and patently designed to permit investments which would yield income in excess of that yielded by securities by law prescribed for the investment of trust funds; and evidence is lacking that the trustee omitted to exercise the prudence required by law in the light of the provisions of the trust agreement; on the other hand, the evidence discloses the fact that it did exercise such prudence. In our opinion, the trustee, having assumed the burden of proof in that respect, sustained such burden. The securities initially purchased by the trustee with the greater portion of the cash fund referred to in the trust agreement were in fact purchased before the execution of the said agreement, and were so purchased with the consent of the settlor's father, who was her agent. Such securities included rights to subscribe to the stock of the corporate trustee to the extent of ten shares, the purchase of which shares, in pursuance of such rights, was subsequently consummated. The plaintiff is estopped, therefore, from questioning said investment. Present — Lazansky, P. J., Young, Carswell and Taylor, JJ.; Johnston, J., not voting.