In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Surviving Trustee under the Will of THOMAS F. RYAN, Deceased.

Surrogate's Court, New York County, June 30, 1945.

*Walter D. Fletcher, William J. Killea* and *Laurence D. Kieran* for Guaranty Trust Company of New York, petitioner.

*Root, Clark, Buckner & Ballantine* for George E. Cleary and another, as executors of the estate of Clendenin J. Ryan, deceased, respondents.

*Cravath, Swaine & Moore* for Guaranty Trust Company of New York and another, as executors of the estate of John B. Ryan, deceased, respondents.

*Philip A. Carroll, Joseph W. Drake* and *Gerard T. Shevlin* for Nina R. Carroll and others, respondents.

*Sullivan & Cromwell* for John B. Ryan, Jr., respondent.

*Thomas I. Sheridan,* special guardian for Basil A. Ryan, alleged incompetent, respondent.

FOLEY, S. This is an accounting proceeding of the transactions of the surviving trustee, the Guaranty Trust Company of New York, of two trusts created by the will of the testator for the life of his son, John Barry Ryan. The testator died November 23, 1928. The life tenant died February 9, 1942. Objections have been filed by various beneficiaries to the retention by the trustee of its own stock under the general rule of undivided loyalty restated in *City Bank Farmers Trust Co.* v. *Cannon* (291 N. Y. 125). In that decision the Court of Appeals held that while ordinarily the acquisition of a beneficial interest in the shares of an affiliate of the trustee would constitute a breach of trust as between the trustee and the trust estate because of divided loyalty and self-interest, any liability for a surcharge was exonerated by the active participation of the settlor of the *inter vivos* trust in directing the retention of the beneficial interest in the shares of stock.

In the pending proceeding the facts are undisputed. They have been incorporated in a stipulation.

The objections are overruled.

The Surrogate holds that under the special circumstances of this estate and the very broad authority to retain investments granted in the will, no ground of surcharge against the trustee exists.

The testator had been actively connected with the Guaranty Trust Company as a director and a member of its executive committee for a period of eighteen years prior to his death. At the time of the execution of his will on November 9, 1925, he owned 10,500 shares of its stock. At the time of the execution of his codicil on November 3, 1927, he owned 12,600 shares. At the time of his death on November 23, 1928, he held 16,839 shares. These holdings were appraised at approximately $13,000,000 for estate tax purposes. They constituted a sub-

stantial portion of the estate. Mr. Ryan left gross assets amounting to approximately $137,000,000. He selected as one of his executors and trustees William C. Potter, then president of the trust company. The other designated executor was Clendenin J. Ryan, a son of the testator. At the time of the execution of the testamentary instruments Mr. Ryan also owned a large block of stock in the National Bank of Commerce in New York. During his lifetime he actively participated in negotiations for a merger of that bank with the Guaranty Trust Company. This merger was consummated a few months after his death. Several years ago the trust company was duly designated as an executor and trustee under article eighteenth of the will.

Article sixth of the will conferred broad powers upon the fiduciaries for the retention of securities left by the testator. Of significance in the present situation is a letter signed by Mr. Ryan and addressed to the designated executors and trustees. It was written on the day he executed his codicil. In it he gave express instructions to them as to the retention of the securities which he might leave at his death. He recited the specific language of article sixth of the will in which he gave his executors and trustees " full power and authority in their discretion to hold and retain any property coming to them under my Will in the same form of investment as that in which it may exist at the time of my death, although it may not be of the character of investments permitted by law to trustees." He continued in his letter: " In order that you may have the benefit of my judgment in the present circumstances connected with my holdings, I wish to say that if those holdings should be substantially the same at the time of my death as they are at the present time, it is my judgment that my trustees should retain those holdings in the constitution of the various trusts provided for in my Will."

In his letter he expressly extended these instructions not only to his named executors and trustees, but to " any other trustee or trustees who may act under the provisions of my Will." He repeated his request to both the trustees designated by him or their successors " to retain and appropriate to the various trust funds * * * the securities now held by me * * * ". These specific instructions have greater significance in the light of Mr. Ryan's astuteness in financial affairs.

But independent of this letter of instructions, the picture is presented of a testator who contemplated and showed a strong desire in his will for the appointment of the corporate fiduciary

as a sole trustee or as a cotrustee. He was actively interested in the trust company, ultimately selected as trustee and gave sweeping discretion, power and authority for the retention of securities left by him. The courts have held in such circumstances that the rule against divided loyalty and self-interest does not apply and that there is no ground for a surcharge in the retention of the stock or other securities of the corporate fiduciary. (*Matter of Balfe,* 152 Misc. 739, mod. as to counsel fees and otherwise affd. 245 App. Div. 22; *Matter of Roche,* 245 App. Div. 192; *Ellinger* v. *Brooklyn Trust Co.,* 248 App. Div. 897; *Central Hanover Bank & Trust Co.* v. *Russell,* 290 N. Y. 593, affg. 264 App. Div. 771; *Matter of Easton,* 178 Misc. 611; *Matter of Stevens,* Surrogate's Ct., Nassau Co., HOWELL, S., filed Nov. 24, 1942; *Matter of Schell,* N. Y. L. J., May 29, 1943, p. 2110, col. 2.)

The testator here is presumed to have had knowledge of the undivided loyalty rule. It was within his power to dispense with it by his testamentary directions. I find that he did so here and thereby exonerated the present trustee from any liability whatsoever in holding its own securities within the trusts.

There is a second ground for overruling the objections and that is the conclusiveness of the decrees settling the prior accountings and construing the will.

These decrees approved the taking over and retention by the corporate trustee of these holdings of its own stock. The transactions settled by the decrees cover a period of about ten years. Neither the original taking over nor the retention was ever challenged by any of the parties until the present accounting. The prior decrees are *res judicata* and constitute an estoppel against the objectants. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Matter of Gilford,* 155 Misc. 339, affd. 247 App. Div. 782; *Matter of Weir,* 182 Misc. 845; *Matter of Bunker,* 183 Misc. 523; Surrogate's Ct. Act, §§ 80, 274.)

No ground of surcharge exists and the general rule stated in *City Bank Farmers Trust Co.* v. *Cannon* (291 N. Y. 125, *supra*) has no application because of the different facts involved in the pending proceeding.

Submit decree on notice settling the account accordingly.