Hazleton, S.
In this accounting proceeding by the Hanover Bank as trustee, the objectants seek to surcharge the trustee with losses allegedly arising out of its imprudent and negligent management.
However, in a prior intermediate accounting proceeding, the trustee had accounted for its actions for the period from March 27, 1922, when it received the securities from the estate of the decedent, to May 25, 1934. The decree settling that account was entered on October 30,1934. Much of the shrinkage in value of the investments complained of by objectants in this instant proceeding had occurred in the period covered by the prior account. No objections had been filed to that prior account.
The trustee now seeks sanctuary behind the decree of 1934, which it contends is conclusive and estops the objectants from including in the surcharge the shrinkage in value of the securities over the period 'covered by that prior decree. The trustee cites in support of this contention decisional law including such cases as Matter of Roche (259 N. Y. 458); Matter of Ryan (186 Misc. 688), and Matter of Weinberg (63 N. Y. S. 2d 472). In the latter case, Surrogate Gbiffiths (p. 475) states the law which may be said to be applicable generally to the reopening of a decree in an accounting proceeding: “In the absence of fraud or self-dealing * * * decrees settling the prior accounts * * are res adjudicata as to the propriety of the investment and to the retention thereof to the close of the last accounting period.”
It appears from the testimony of one of the adult objectants that time and again, since April, 1927, the trustee had been approached with complaints about its retention of the Capital Transit stock, out of which most of the losses included in the proposed surcharge grew, and had been urged repeatedly that these securities be sold. The trustee, in reply, in substance told the complaining parties to attend to their own affairs, and that the trustee would do as it saw fit. This evidence stands uncontradicted. Apparently the trustee saw fit to retain the securities until shortly after the closing date of the prior account when it began disposing of same.
*1060 Despite the cases called to the attention of the court by counsel for the trustee, I fear that were I to strictly apply the law as enunciated in the Weinberg and other cases, as to the effect of a decree settling a prior account, an injustice to the objectants might result.
In the accounting of 1934, all the securities were listed at inventory value, and though there had been a substantial shrinkage, no losses up to then had been taken or realized by the trustee and were not taken until after the entry of the decree of 1934. The question of lack of prudence or negligence upon the part of the trustee in retaining the securities until 1934 was not before the Surrogate and was not an issue which he was required to resolve. As was stated by the Appellate Division, Second Department in Matter of Richardson (229 App. Div. 738): “ The court is of the opinion: (1) That the decree of July, 1914, was not an adjudication of the exercise of reasonable prudence in holding the 421 shares of Nassau Bank stock, or the substitute thereof, 210% shares of Nassau National Bank stock, from the time of receipt from executors up to the time of filing the prior account of May, 1914, because no such issue was tendered by the account (Emphasis added.)
The Court of Appeals in Matter of Ryan (291 N. Y. 376, 416) in quoting with approval from Matter of Long Island Loan & Trust Co. (92 App. Div. 1, affd. 179 N. Y. 520) which the court held to be “ in point both on the matter of opening the decrees and the claimed acquiescence ’ ’, repeated the following words: ‘ ‘ ‘ The trustee accounted in 1898, but none of the questions here raised was put in issue in that proceeding, and the decree on that accounting discharged the trustee only as to the assets directed to be distributed thereunder and the amount of the trust estate. As the trustee claims this decree to have worked an estoppel, the burden of proof is upon the trustee to show clearly that the question in issue in this case was litigated and determined in the former action (Rudd v. Cornell, 171 N. Y. 114, 127, and authority there cited), and having failed to show this, the life tenant is not estopped to assert her rights at this time. Nor is the position of the trustee changed by the fact that the life tenant made a motion in May, 1903 to open the decree of August, 1898, in which the matters here involved were set up as a reason for opening the former decree. The opening of the former decree rested in the discretion of the learned Surrogate, and as the former decree did not attempt to settle any of the questions which are urged on this motion, the denial of the motion did not affect any substantial right of the life *1061 tenant, and, under well-established rules, it could not work an estoppel on this accounting.’ ” (Emphasis added.)
It follows that since the question of the exercise of reasonable prudence by the trustee in retaining the securities from the time of their receipt up to the time of the prior decree was not before the Surrogate in the accounting of 1934, the decree entered in that proceeding is not res judicata upon that issue.
The present infant objectants were not parties to that proceeding, and although I am aware that the prior decree of 1934 would ordinarily be binding upon the infant objectants in this proceeding who were not in being when the prior decree was made, nevertheless I doubt whether such rule should be applied here since the issue dealing with the alleged imprudent and negligent retention of securities had not been raised in the prior proceeding. Such issue is presented for the first time in the instant account. Insofar as the infant objectants are concerned, this is their first opportunity to question the loss so that justice requires that their right to do so be not limited by the prior decree, and that they have their day in court.
The trustee’s motion to dismiss the objections insofar as they seek to charge the trustee with negligence in the retention of investments through the closing date of the 1934 account is denied.
Proceed accordingly.