J. Vihcewt Keogh, J.
In a proceeding to settle the final account of the trustee of an inter vivos trust, three questions of construction are presented. The trust indenture directs the trustee, upon death of the income beneficiary, to: “ transfer and pay over the principal of the trust as then constituted to Jessie Ella Parkinson, wife of the settlor or if she be not then living, to such person or persons in such shares and proportions as she shall by her Last Will and Testament appoint. ’ ’
Jessie Ella Parkinson, a resident of North Carolina, predeceased the cestui que trust, leaving a will which provides in pertinent part as follows: “ Second: All the rest, residue and remainder of my property, real, personal or mixed, wheresoever and whatsoever the same may be, including any and all property, real personal or mixed, over which, under the provisions of any will or deed of trust, I have a power of appointment, and including all the moneys or property which I may now own or may hereafter own or which may hereafter revert to me, under the terms of a trust instrument executed to the Brooklyn Trust Company, of Brooklyn, New York, and known as the George Edwin Parkinson Trust, I give, devise and bequeath to my niece, Emma Arline Pearse; to be hers to use and expend during her lifetime, but should there be any of said property remaining after her death, then 1 give, devise and bequeath the same in equal shares to her children then living and the children of any child that may be dead, the children of any child that may be dead to take in equal shares as the parent would take if living.” (Emphasis supplied.)
*993 The construction questions are these: “ (1) does the law of the State of New York or the law of the State of North Carolina determine the validity and effect of the purported express exercise of the power of appointment contained in the will of said Jessie Ella Parkinson, deceased; (2) did said Jessie Ella Parkinson bequeath and devise to her said niece, the respondent Emma Arline Pearse, absolutely and outright, without restrictions of any character, the assets constituting the principal of said trust; or (3) did said Jessie Ella Parkinson bequeath and devise to her said niece, the respondent Emma Arline Pearse, a legal life estate in the assets constituting the principal of said trust; and if she did, (a) is the respondent, Emma Arline Pearse, as legal life tenant, entitled to possession of the assets constituting the principal of said trust; and (b) is the respondent, Emma Arline Pearse, required to give bond for the faithful performance of the provisions of the will of said Jessie Ella Parkinson in respect of and before delivery and transfer to her of the assets constituting the principal of said trust.”
It is not apparent to this court that any necessity exists for answering the first question. No case in either jurisdiction has been presented by counsel which suggests that were the rules of construction of one State applied in preference to those of the other, the exercise of the power would be deemed invalid, nor is there any indication that the words of exercise are words of art, having a clearly defined and well-settled meaning in either New York or North Carolina. The intention of the testatrix is in any event determinative, more so if it can be ascertained without reference to canons of construction and does not violate any policy rule.
Respondent Pearse presses for an affirmative answer to the second question. She relies primarily upon two points, the first being the well-established rule that an estate conveyed in one clause of an instrument cannot be cut down by subsequent clauses which are other than clear and unambiguous. (Freeman v. Coit, 96 N. Y. 63; Goodwin v. Coddington, 154 N. Y. 283.) The rule is sound but it has no application to the instant matter. Here, the gift and the qualifying conditions are found in the same paragraph (Second) of the donee’s will. It is true that the key words, “ but should there be any of said property remaining after her death, etc.,” follow the words of gift, but, in any logical pattern of draftsmanship, that is where they must be placed. It would be difficult to imagine a well-drawn grant of a life estate in which the disposition of. the remainder was antecedent to the prime gift.
*994 The second point relied upon by respondent Pearse arises from the fact that paragraph “ Second ” covered various property of the donee other than the appointive fund, that such propetry was the subject of a judicial accounting by the donee’s executrix and that such property, with approval of the Superior Court of North Carolina, was delivered to respondent outright without limitation of any kind. Thus, she argues, the meaning and effect of the words of a will of a North Carolina domiciliary have been effectively determined by a North Carolina court whose interpretation should be given much weight in construing their effect upon the subject fund. This theory cannot be sustained. First, it does not appear from the papers submitted that the construction question now presented was litigated or even raised in North Carolina. The Superior Court cannot be deemed to have ruled on a question not tendered to it. (See Matter of Remsen, 1 Misc 2d 1058.) Second, it is not alleged that the infant respondent was a party to the North Carolina proceedings or that she is bound by what took place there. The second question is answered in the negative.
Two questions remain. These are whether the life tenant may have possession of the assets and, if so, whether she is required to furnish a bond for the protection of the infant respondent. The special guardian ably sets forth the various reasons why such possession is inconsonant with the best interest of his ward. The practical application of his arguments demonstrates why life estates in personalty have fallen into disfavor with draftsmen of testamentary documents in this area. There appears no compelling reason for departure from the usual rule that a life tenant may possess the subject of the tenancy without posting security. Questions 3(a) and 3(b) are answered in the affirmative and negative, respectively.
Settle order.