Lott H. Wells, S.
This settlement proceeding concerns the personal property in the residuary estate of Bertha S. Payne, who died November 19,1945. Her will was admitted to probate and letters testamentary issued December 13, 1945, to Jerome F. Payne, her husband. By the third provision of the will, Jerome F. Payne was bequeathed, “ the use, income, custody and control of all the rest, residue and remainder of my property * * * with the right to use so much of the principal thereof as may in his sole judgment be necessary to his comfort and happiness ”, and upon his death she directed by the fourth provision of her will, ‘ ‘ From and after the death of my said husband, I give * * * and bequeath all of the rest of my property then remaining, of every name and nature and wheresoever situate, to my said niece Doris Ormiston Gibson, to be hers absolutely.”
The final account of Jerome F. Payne, as executor, was filed August 5, 1947. Schedule “F” is a statement of all persons entitled to share in the estate:1 ‘ Jerome F. Payne, husband, Use, custody and control of entire estate for life, including right to expend principal, * * * Doris Ormiston Gibson, niece, * * * $500. and remainder left after death of Jerome F. Payned’
Under Schedule “ H ”, there were then on hand among other assets of the estate of Bertha S. Payne: 6 — $500 Series “ G ” United States Savings Bonds, value $3,000; 58 shares common *863 stock, Onondaga Pottery Co., value $1,856; and 155 shares common stock Petroleum shares Group Securities, Inc., value $1,193.-50. The decree of judicial settlement, dated August 5, 1947, ordered, that Jeróme F. Payne, ‘ ‘ effect the transfer to his own name of the six $500 Series “ G ”, U. S. Government Savings Bonds, i.e.: Nos. D979725G (Feb. 1, 1944), D979726G (Feb. 1, 1944), D922869G (Jan. 1944), D714676G (Sept. 1, 1943), D714677G (Sept. 1, 1943), D922868G (Jan., 1944), together with 58 shares common stock of the Onondaga Pottery Company and the 155 shares of common stock, Petroleum shares, Group Securities, Inc. ’ ’
The Surrogate’s records show that Jerome F. Payne did not account during his life tenancy. However, Jerome F. Payne had the right to dispose of the property in his lifetime for his comfort and happiness, and as to such property as he did dispose of, neither he nor his executor was bound to account to the remainderman because she had no interest in it.
Jerome F. Payne died February 1,1957. His will was admitted to probate, and letters testamentary issued March 22, 1957, to Glenn Cole, executor. Under Schedule “ B ” of the appraisal of the estate of Jerome F. Payne, deceased, under the estate tax law, made by the County Treasurer October 7,1957, is appraised, 58 shares Onondaga Pottery Company, at $1,154.20; $1,000 United States Treasury Bond, at $1,000, and 6 shares American Telephone and Telegraph Company, at $1,059.87. Under Schedule “A” of the account of the executor of Jerome F. Payne, deceased, filed November 15,1957, it appears a dividend of $17.40 was received on the Onondaga Pottery Company shares, and the stock was sold for $1,154.20; a dividend of $12.50 was received on the United States Treasury bond and the bond was sold for $1,000; a dividend of $13.50 was received on the American Telephone and Telegraph shares, and the stock was sold for $1,059.87.
Doris Ormiston Gibson, niece of Bertha S. Payne, survived her, and died intestate at Portland, Oregon, where she was a resident at the time of her death, May 13, 1947. She was survived by Thomas M. Gibson, husband, and Dian L. Gibson, daughter; and under the statutory law of the State of Oregon (Ore. Rev. Stat., § 111.030, subd. [4]), each would take one-half of her net estate. It has also been established that no other persons have a pecuniary interest in the Doris Ormiston Gibson estate, and that letters of guardianship of the person and estate of Dian It. Gibson were issued May 28,1957 to Thomas M. Gibson, by the Circuit Court, Department of Probate, County of Multnomah, State of Oregon.
*864 The special guardian representing Dian Gibson directs his objection to Schedule “ A ” of the account and contends that the amount accounted for from the Onondaga Pottery Company, the United States Treasury Bond, and the American Telephone and Telegraph Company shares and dividends, are part of the assets of the Bertha S. Payne estate remaining unused at the time of Jerome’s death, and the will of Bertha S. Payne being unmistakable evidence of her intention to distribute such residue, it becomes the duty of the executor of Jerome P. Payne estate to distribute such assets to those entitled under her will.
The attorney for Ruth B. Warwick, an alleged creditor, and for Mary P. Briggs, sister and life beneficiary under the will of Jerome F. Payne, in opposition to a surcharge for these securities in Jerome P. Payne’s estate, asserts:
1. That Doris Ormiston Gibson renounced any interest in the United States Government bonds by instrument acknowledged January 29, 1947.
2. That the asset of the estate of Bertha S. Payne was not sufficiently traced from the investment in Petroleum shares Group Securities, Inc., into the stock of the American Telephone and Telegraph Company.
3. That any further inquiry is barred by the decree of judicial settlement dated August 5,1947, in the estate of Bertha S. Payne.
The attorney for the executor emphasizes and relies on questions of renunciation and res judicata above.
In preparation for the settlement in the Bertha S. Payne estate, and under date of January 29,1947, Doris Ormiston Gibson executed and acknowledged an instrument as follows: “ I * * * do hereby renounce and adjure any interest or title in and to any and all U. S. Government bonds standing in the name of Bertha S. Payne, deceased, and that I consent to the transfer or sale or reissuance of said bonds to Jerome F. Payne, surviving husband of the said Bertha S. Payne.”
The contention that the validity and effect of the assignment of January 29,1947 must be treated as not being open to question is based on subdivision 4 of section 33 of the Personal Property Law providing: ‘ ‘ An assignment hereafter made shall not be denied the effect of irrevocably transferring the assignor’s rights because of the absence of consideration, if such assignment is in writing and signed by the assignor, or by his agent.”
This section cannot be permitted to be used as an instrument of fraud. (Matter of Lonas, 197 Misc. 678.) But as will be seen, its application in this instance is of no import.
*865 On this accounting, this paper was obtained from the file of the attorney for Jerome F. Payne, as executor. Jerome F. Payne had not filed it in the Bertha S. Payne estate, as provided by section 32 of the Personal Property Law, and had not listed it in his account or made claim under it. Also, the August 5, 1947 decree made no provision concerning it. Therefore, it must be considered as invalid and unenforcible between Doris 0. Gibson and Jerome F. Payne, which is conclusive of liability now. The correspondence found with this instrument clearly indicates it was executed to permit the bonds to be reissued without question, as it appears there is no authorized form of registration for savings bonds which adequately expresses such life tenancy. (Personal Property Law, § 24.)
The evidence shows, the six $500 United States “ G ” Bonds, with a certified copy of the August 5, 1947 decree, Bertha S. Payne estate, were mailed to Treasury Department, division of loans and currency, Chicago, 54, Illinois, together with department Form PD 1455 dated August 8,1947, which requested that the above-described bonds, to the extent of $3,000 (maturity value) be reissued to Jerome F. Payne, under signature of Jeróme F. Payne, as executor. The denomination of the reissued bonds was not stated except as above. The six $500 bonds registered in the name of Bertha S. Payne, were then reissued in three $1,000 bonds in the name of Jerome F. Payne. The issue date, serial numbers, and payment dates of the reissued bonds being:
Sept. 1943 M-5,865,793 G Sept. 1954
Jan. 1944 M-5,865,940 G April 1957
Feb. 1944 M-5,865,941 G Aug. 1955
The bond received by Glenn Cole, executor of the Jerome F. Payne estate, and listed in Schedule “ A ” of his account as sold, was Serial No. M-5865940-G, dated January, 1944.
The account book of the decedent Jerome F. Payne, found in the hands of his executor and received in evidence, shows:
(1) The 58 shares of stock of the Onondaga Pottery Company were carried on a continuous record from the date of purchase March 31, 1942 during the lifetime of Bertha S. Payne and during, his life tenancy until September 10, 1954.
(2) The 155 shares of Petroleum shares, Group Securities, Inc., were listed as purchased September 3,1943, and carried on a continuous record until sold during his life tenancy, October 7, 1947, for $1,045. On the next succeeding page a new record was started with the purchase of 6 shares of American Telephone and Telegraph stock under date of October 6, 1947 for $953.91, and carried on a continuous record during his life tenancy until *866 October, 1954. The ledger record of the checking account of Jerome F. Payne in the First National Bank in Gouverneur for October 6,1947 shows a balance of $96.49 and on October 7,1947 a deposit of $91.59 with new balance of $188.08. It is clear tiiat the purchase price of the Telephone stock was not and could not have been paid for from this account. The $1,045 received from the sale of the Petroleum shares is not listed as a deposit. The deposit of $91.59 on October 7, 1947, is significant and indicates the $953.91 balance of the sale price of the Petroleum shares was used to purchase the Telephone stock, the gain on the sale over the purchase price being $91.09.
A decree is conclusive evidence against all the parties of whom jurisdiction was obtained and all persons deriving title from any of them at any time, as to all matters embraced in the account and decree. (Surrogate’s Ct. Act, §§ 80, 274.) Doris Ormiston Gibson, by receipt and waiver acknowledged January 29, 1947 and filed August 5,1947, acknowledged receipt of her $500 legacy and waived the issue and service of citation to attend the judicial settlement of the account.
“ Matters embraced in a decree and in the account * * * include only those matters which are clearly and specifically set out and which can be definitely ascertained from a reading of the account and decree.” (Matter of Seaman, 275 App. Div. 484, 490.) The question to be determined in this regard is whether the account and decree of August 5,1947 presented any issue of title to the assets claimed by the special guardian, which could have been litigated by Doris Ormiston Gibson. If such issue had been presented and litigated or could have been litigated, and the substance of the rights or interests established therein will be destroyed or impaired by the prosecution of this proceeding*, the asserted defense of res judicata is valid. (Pagano v. Arnstein, 292 N. Y. 326, 328.) Schedule “ F ” of the account clearly precluded any issue of title. Schedule “H” specifically identified the assets. The decree directed Jerome F. Payne to “ effect the transfer ” of the securities listed, and was not an adjudication of title because no such issue was tendered by the account. (Matter of Remsen, 1 Misc 2d 1058.)
As the executor, creditor and life tenant, opposing the contention of the special guardian, claim the decree of August 5, 1947 to have worked an estoppel, the burden of proof is upon them to show clearly that the question in issue in this ease was litigated and determined in the former proceeding. (Rudd v. Cornell, 171 N. Y. 114, 127.) And having failed to show this, the issue of title is now presented for the first time by the Jeróme F. *867 Payne estate account and the special guardian is not estopped from litigating the issue here. (Surrogate’s Ct. Act, § 274; Matter of Williams, 1 A D 2d 1022; Matter of Hubbell, 302 N. Y. 246, 253-254.)
Doris Ormiston Gibson survived Bertha S. Payne and her remainder must be considered as vested (Real Property Law, § 40). Under a will vesting a life estate in testator’s widow with remainder in the sons, the power in the widow to invade the principal of the estate did not affect the vesting of the estate in the sons. (Matter of Walsh, 189 Misc. 350.) In Connelly v. O’Brien (166 N. Y. 406, 408) the court wrote: “A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting of estates. The adverbs of time, therefore, such as when, then, after, from and after, etc., in a devise of remainder limited upon a life estate, are construed to relate merely to time of the enjoyment of the estate and not to the time of its vesting in interest. The law favors such a construction of a will as will avoid the disinheritance of remaindermen who may happen to die before the determination of the precedent estate.” (Matter of Campbell, 307 N. Y. 29; Matter of Krooss, 302 N. Y. 424, 427.)
It is a settled law that where, as here, a will has created a life estate with remainder over to named persons, and property is delivered to the life tenant in accord with the testamentary provisions the property thus delivered is impressed with a trust for the benefit of remaindermen. That rule was stated by Chief Judge Cullen writing for the court in Seaward v. Davis (198 N. Y. 415, 420-421): “ It is doubtless true that ordinarily a life tenant in possession of personal property is a trustee to preserve the principal for the remaindermen to whom it may pass on his death” and further, “We are therefore, of opinion that the burden rested on the plaintiff to show that some part of the husband’s estate passed to the defendant or was in his possession ”. (See, also, Peck v. Smith, 227 N. Y. 228, 232.)
The Legislature placed enforcement of a life tenant’s fiduciary obligation in the domain of public policy when (by L. 1940. ch. 829) it enacted section 261-a of the Surrogate’s Court Act.
Here the special guardian had the burden to establish that some part of the wife’s estate passed to the husband’s estate and has not been used. The record leaves no doubt that this has been affirmatively established. The securities have been traced and the assets identified.
The court determines that the distributees of the estate of Doris Ormiston Gibson, herein are entitled to have a trust im *868 pressed upon the proceeds realized from the disposition of the securities in question by the executor of the estate of Jerome F. Payne. This amounts to $3,214.07, plus $43.50 income received since February 1,1957. The objections by the special guardian to the account with respect to such money received by such executor are therefore sustained. The executor will be directed to pay over such proceeds, less special guardian’s fee, in equal shares to Thomas M. Gibson, and to Thomas M. Gibson as guardian of the person and estate of Dian L. Gibson.
No compensation may be allowed to the executor of the Jerome F. Payne estate on this amount, as Jerome F. Payne retained full commissions as executor of the Bertha S. Payne estate under the decree of August 5,1947. See section 257 of the Surrogate’s Court Act:4 4 The compensation so allowed plus any commissions retained by the deceased fiduciary or payable to his estate shall in no event exceed a full commission under section two hundred eighty-five or section two hundred eighty-five-a of this act, whichever section is applicable to the type of such deceased fiduciary.”
Proceed accordingly.